IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>CALVIN BERNIS GAINES,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S MOTION FOR ENTRANCE INTO THE RESIDENTIAL DRUG ABUSE PROGRAM<br><br><br>Case No. 2:09-CR-917 TS |

This matter is before the Court on Defendant's Motion for Entrance into the Residential Drug Abuse Program ("RDAP"). In his Motion, Defendant takes issue with the decision of the Bureau of Prisons ("BOP") denying him entrance into RDAP. Defendant requests the Court's assistance in gaining entrance into that program.

In reviewing Defendant's Motion, the Court finds that it should have been brought as a petition under 28 U.S.C. § 2241 because it relates to the execution of his sentence.[1]  pursuant to

---

[1]*See Wilson v. Kastner*, 385 Fed.Appx. 855, 856 (10th Cir. 2010) (stating that request to compel reconsideration of application to RDAP was properly brought in § 2241 petition).

1

A petition under 28 U.S.C. § 2241 must be filed in the district in which the prisoner is confined.[2] Defendant is currently incarcerated in Kansas. Therefore, he must bring any § 2241 petition challenging the BOP's RDAP determination in a court there. Before doing so, however, Defendant must exhaust his administrative remedies with the BOP.

It is therefore

ORDERED that Defendant's Motion for Entrance into the Residential Drug Abuse Program (Docket No. 46) is DENIED without prejudice to it being filed as a § 2241 petition in the district in which Defendant is incarcerated.

DATED   August 29, 2011.

BY THE COURT:

_____
TED STEWART
United States District Judge

---

[2] *See Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996) ("[A] petition under 28 U.S.C. § 2241 attacks the execution of a sentence rather than its validity and must be filed in the district where the prisoner is confined.").