IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>CALVIN BERNIS GAINES,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S FORMAL REQUEST FOR SECOND CHANCE ACT<br><br><br>Case No. 2:09-CR-917 TS |

This matter is before the Court on Defendant's Formal Request for Second Chance Act. For the reasons discussed below, the Court will deny the request without prejudice to Defendant filing a petition under 28 U.S.C. § 2241 in the district in which he is confined.

I.  BACKGROUND

Defendant was charged in a felony information with possession of PCP with intent to distribute. Defendant pleaded guilty on April 19, 2010, and was later sentenced to 43 months custody of the Bureau of Prisons ("BOP"). Defendant now requests that he be allowed to benefit from the Second Chance Act.

1

## II.  DISCUSSION

Defendant requests that he be able to receive the benefits of the Second Chance Act by allowing him to reside for at least 12 months in a halfway house.  18 U.S.C. § 3624(c)(1) provides:

> The Director of the Bureau of Prisons shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community.  Such conditions may include a community correctional facility.[1]

As the language of the statue clearly indicates it is the Bureau of Prisons, not the Court, that determines whether a particular prisoner shall be placed in a community correctional facility.  In this case, it is unclear whether the BOP has made a determination with regard to Defendant's potential release to community confinement.  If the BOP has reached a decision that is unfavorable to Defendant, this request is not the proper vehicle for relief.  Rather, a petition under 28 U.S.C. § 2241 is the proper procedure to challenge a decision by the BOP in connection with the Second Chance Act.[2]  Defendant is reminded that he must exhaust his administrative remedies before filing a § 2241 petition.  As a result, the Court must deny Defendant's request without prejudice to it being filed as a § 2241 petition in the district in which he is confined.

---

[1] 18 U.S.C. § 3624(c)(1).

[2] *See United States v. Clark*, 2011 WL 743090, at * 2 (W.D. Pa. Feb. 24, 2011).

III.  CONCLUSION

It is therefore

ORDERED that Defendant's Formal Request for Second Chance Act (Docket No. 48) is DENIED.

DATED   June 11, 2012.

BY THE COURT:

_____
TED STEWART
United States District Judge